[Docket No. 1]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BRENDA BROOKS,<br><br>        Plaintiff,<br><br>   v.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC,<br>LOUIS A. GREENFIELD, and<br>JOHN DOE 1-4,<br><br>        Defendants. | No. 20-15563 (RMB-SAK)<br><br>**MEMORANDUM OPINION &<br>ORDER** |

**APPEARANCES:**
Brenda Brooks
27 Coachlight Drive
Sicklerville, New Jersey 08081-5603

   *Pro se*

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon the filing of a Complaint and application to proceed in forma pauperis ("IFP") by Plaintiff Brenda Brooks ("Plaintiff"). [Docket Nos. 1, 1-2.] For the reasons stated herein, the Court will grant Plaintiff's IFP application and dismiss Plaintiff's Complaint in its entirety.

I.    BACKGROUND

In her Complaint, Plaintiff alleges that on or about August 12, 2020, Defendant Jefferson Capital Systems, LLC ("Jefferson")—through its attorney, Defendant Louis A. Greenfield ("Greenfield")—filed a Complaint in the Camden County Superior Court. [Docket No. 1, ¶ 33.] Jefferson allegedly sued Plaintiff for a debt that Plaintiff owed to WEBBANK, which Jefferson acquired. [Id., ¶¶ 25, 32.] Plaintiff alleges that the debt "arose

from a transaction for primarily personal, family, or household purposes." [Id., ¶ 27.] In rather uncertain terms, Plaintiff alleges that Jefferson did not send demand communications to her before filing the lawsuit in Camden County, nor did Jefferson attach supporting documentation to its complaint. [Id., ¶ 39.] In failing to do so, Plaintiff claims that Jefferson violated Sections 1692f and 1692e(10) of the Fair Debt Collection Practices Act ("FDCPA"). [Id., ¶ 39.] Plaintiff further claims that Jefferson breached a 2015 Stipulated Agreement and Consent Order between the Consumer Financial Protection Bureau and Jefferson's parent company, ENCORE Capital Group (the "Agreement"). [Id., ¶ 47.04.] Finally, Plaintiff alleges that Greenfield falsely completed the certification that accompanied the Complaint filed in Camden County. [Id., ¶¶ 38–39.] Specifically, according to Plaintiff, Greenfield likely did not read the Complaint before filing it because "[he] signs so many complaints." [Id., ¶ 40.] Defendants' actions, Plaintiff claims, have caused her "emotional distress."[1] [Id., ¶ 42.]

## II. LEGAL STANDARDS

### A.    IFP Application

When a non-prisoner seeks permission to proceed IFP under 28 U.S.C. § 1915, the applicant must submit an affidavit that includes a complete list of the applicant's assets and establishes that the applicant is unable to pay the requisite fees. See 28 U.S.C. § 1915(a); Roy v. Penn. Nat'l Ins. Co., No. 14-4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (internal citations omitted). The decision to grant or deny an IFP application is based

---

[1] The Court does not construe this to allege a claim of either intentional infliction of emotional distress or negligent infliction of emotional distress. If, however, Plaintiff intends to add such a claim, she would need to support her claim with additional facts.

2

solely upon the economic eligibility of the applicant. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976).

### B. Sua Sponte Dismissal

A complaint filed by a litigant proceeding IFP is subject to sua sponte dismissal by the Court if the case is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the pro se party. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (internal citation omitted). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

To survive a court's sua sponte screening, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

### III. ANALYSIS

#### A. IFP Application

Plaintiff qualifies to proceed IFP. In her affidavit, Plaintiff indicates that she is unemployed and her only income stems from Social Security Disability benefits in the amount of $1,011 per month. [Docket No. 1-2, at 1.] After her monthly expenses, Plaintiff is left with roughly $28 per month, which is in accord with Plaintiff's testimony in her affidavit that she has $20 in cash or in a bank account. [Id., at 2.] Plaintiff also attests that she contributes substantially to her sons' support. [Id.] Upon review, the Court finds that Plaintiff has established that she lacks the financial ability to pay the filing fee. Accordingly, the Court will grant Plaintiff's IFP Application.

#### B. FDCPA Claims Against Jefferson

Plaintiff alleges that Jefferson violated the FDCPA. [Docket No. 1, ¶¶ 33–39.] Typically, "[t]o prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014); see also Jensen v. Pressler & Pressler, 791 F.3d 413, 417 (3d Cir. 2015). A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692(a)(3). A plaintiff must allege that she owes a debt to have standing to bring an action pursuant to the FDCPA. See Benali v. AFNI, Inc., No. 15-3605 (BRM-DEA), 2017 WL 39558, at *6 (D.N.J. Jan. 4, 2017) (granting summary judgment where a plaintiff testified that the debt owed was not "his"). "[A] 'communication' need only convey '"information regarding a debt" and is not limited

to specific requests for payment.'" Simon v. FIA Card Services, N.A., 732 F.3d 259, 266 (3d Cir. 2013).

Plaintiff has failed to state an FDCPA violation claim against Jefferson. Although Plaintiff has adequately pled the first three elements, she has failed to allege that Jefferson violated a provision of the FDCPA. Plaintiff alleges that by (1) not sending demand communications before filing its lawsuit in Camden County, and (2) not providing supporting documentation along with its complaint, Jefferson's conduct violated 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f. [Docket No. 1, ¶ 39.]

Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Likewise, Section 1692f prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt. Id. § 1692f. Plaintiff claims that Defendant attempted to collect the defaulted debt, which Plaintiff does not dispute, by filing a lawsuit. [Docket No. 1, ¶ 33.] But the filing of a state court lawsuit is not an unfair or deceptive means of collecting a debt. See Popson v. Galloway, No. 10–cv–77E, 2010 WL 2985945, at *7 (M.D. Pa. July 27, 2010) ("[T]he filing of a state court suit [is] an act which we find is not deceptive in nature."). Although the filing of a state court lawsuit to collect a defaulted debt will be unwelcome by a debtor, employing the court system to collect a defaulted debt is not unfair or deceptive; rather, it is just the opposite. See Harvey v. Great Seneca Financial Corp., 453 F.3d 324, 330–31 (6th Cir. 2006); see also Derricotte v. Pressler & Pressler, LLP, No. 10–1323, 2011 WL 2971540, *6 (D.N.J. July 19, 2011); Williams v. Zucker, Goldberg & Ackerman, LLC, No. 09–6177 (WJM), 2011 WL 843943, *5 (D.N.J.

5

Mar. 8, 2011); Christion v. Pressler & Pressler LLP, No. 07–1938 (PGS), 2010 WL 988547, *3 (D.N.J. Mar. 12, 2010).

Here, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted under either Section 1692e in general, Section 1692e(10) in particular, or Section 1692f. The only means that Plaintiff alleges that Jefferson used to collect the debt is the filing of a state court suit, which, as already discussed, is not a deceptive or unfair means of collecting a debt. Furthermore, although Plaintiff claims that Jefferson propounded a "misrepresentation in the filing of the Collection Complaint" because it knew that "it had no account level documentation," [Docket No. 1, ¶ 47.03], Plaintiff does not provide any supportive facts to that effect. Such a conclusory allegation does not meet the burden of alleging "sufficient facts . . . to support [Plaintiff's] claim," Mala, 704 F.3d at 245, such that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," Fair Wind Sailing, Inc., 764 F.3d at 308 n.3. Moreover, Plaintiff's allegation that Defendant did not attach to its complaint proof of the debt that it was seeking to collect is not alone sufficient to state a claim under Sections 1692e(10) or 1692f. See Popson v. Galloway, No. 10–cv–77E, 2010 WL 2985945, at *7 (M.D. Pa. July 27, 2010) (finding that a plaintiff who alleged only that the defendant "did not attach the proper documentation required to substantiate the amount owed" did not state an FDCPA claim because the FDCPA does not impose such an obligation); see also Harvey, 453 F.3d at 330–31 ("[T]he filing of a debt-collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor.").

In sum, Plaintiff has failed to sufficiently allege a claim under the FDCPA because she failed to show that Jefferson "has violated a provision of the FDCPA in attempting to

collect the debt." See Douglas, 765 F.3d at 303. Accordingly, the Court will dismiss Plaintiff's FDCPA violation claim against Jefferson without prejudice.

### C. Breach of Agreement Claims

Plaintiff claims that Jefferson "repeatedly breached 2015 Consent Order and Stipulated Agreement," which was intended to "mandate[] [its] actions to collect an alleged debt." [Docket No. 1, ¶ 47.04.] Plaintiff has not alleged any specific facts regarding the nature of the Agreement or Jefferson's breach of the Agreement. While the Court must construe pro se complaints liberally, see Erickson, 551 U.S. at 93–94, such a conclusory statement does not suffice, see Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. The Court will therefore dismiss Plaintiff's claims regarding Jefferson's breach of the Agreement.

### D. Claims Against Louis A. Greenfield

Plaintiff claims that "Greenfield['s] certification [on the complaint filed in Camden County Superior Court] was false." [Docket No. 1, ¶ 39.] Lawyers' statements, communications, and filings are not immune from FDCPA liability. See Heintz v. Jenkins, 514 U.S. 291, 294 (1995) (holding that the FDCPA "does apply to lawyers engaged in litigation"); see also Piper v. Portnoff Law Associates, Ltd., 396 F.3d 227, 234 (3d Cir. 2005) ("[I]f a communication meets the Act's definition of an effort by a 'debt collector' to collect a 'debt' from a 'consumer,' it is not relevant that it came in the context of litigation."). In fact, "attorneys who, inter alia, litigate collection actions are debt collectors under the FDCPA." Bock v. Pressler and Pressler, LLP, 30 F. Supp. 3d 283, 293 (D.N.J. 2014) (citing Heintz, 514 U.S. at 294).

As such, when an attorney sends a debt collection letter without having meaningfully reviewed the case before issuing a collection letter, that action falls within the broad range of false and misleading activities or tactics described by Section 1692e of the FDCPA. See

Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 1001–03 (3d Cir. 2011) (finding that a collection letter mailed on attorney letterhead without meaningful attorney review is a Section 1692e FDCPA violation). Even more relevant to the case at hand, in Bock, the court held that

> a signed complaint is inherently false and misleading, in violation of 15 U.S.C. [§] 1692e, where, at the time of signing, the attorney signing it has not (1) drafted, or carefully reviewed, the complaint; and (2) conducted an inquiry, reasonable under the circumstances, sufficient to form a good faith belief that the claims and legal contentions in the complaint are supported by fact and warranted by law.

Bock, 30 F. Supp. 3d at 303–04.

Here, Plaintiff indeed alleges that Greenfield signed the complaint without conducting a reasonable inquiry and without believing that the factual allegations contained in the complaint were based on evidentiary support. [See Docket No. 1, ¶¶ 38–39.] However, the only supportive facts that Plaintiff alleges are that "Greenfield signs so many complaints that it is either physically impossible or so highly improbably [sic] that he read the Collection Complaint." [See Docket No. 1, ¶ 40.] Again, Plaintiff has not alleged sufficient facts for the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc., 764 F.3d at 308 n.3. As such, the Court will dismiss Plaintiff's claim against Greenfield.

### E.    Claims Against John Does 1–4

Finally, Plaintiff also names John Does 1–4 as Defendants, whom she describes as "fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action." [Docket No. 1, ¶ 7.] However, Plaintiff fails to allege any facts at all that would implicate John Does 1–4. Accordingly, the Court will dismiss John Does 1–4 from this suit.

IV.    **CONCLUSION**

For the reasons stated above, **IT IS** on this **6th** day of **August** 2021, hereby

**ORDERED** that Plaintiff's IFP Application [Docket No. 1-2] is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE** in its entirety; and it is further

**ORDERED** that Plaintiff is granted leave to file an Amended Complaint by no later than **Tuesday**, **August 31**, **2021**, if she can allege additional facts that address the deficiencies discussed in this Memorandum Opinion & Order; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter, subject to reopening upon this Court's screening of a timely filed Amended Complaint; and it is finally

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Order via regular mail.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge